MEMBER OF NEW YORK
AND NEW JERSEY BARS

## *Howard D. Simmons P.C.*

**ATTORNEY AT LAW**

225 BROADWAY, SUITE 1700
NEW YORK, NY 10007
TEL: (212) 233-1486
HSLAWOFICE@GMAIL.COM

**Via ECF**

The Honorable Victor Marrero                        December 18, 2018
United States District Judge
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

Re: <u>United States v. David Tan</u>
    Case No: 18 Cr. 228 (VM)

## SENTENCING MEMORANDUM

Honorable Judge Marrero,

    The above-referenced matter is calendared for sentencing on January 11, 2018 at 2:00 P.M.   On September 4, 2018 the defendant pled guilty before United States Magistrate Judge Henry Pitman to Count One of the Indictment, wire fraud in violation of Title 18, United States Code, §'s 1343 and 2. Defendant pled guilty in reliance upon the government's "Pimentel Letter" dated June 20, 2018, which specified a  Criminal History Category of 1, and an adjusted Offense Level of 13 [U.S.S.G. § 3E1.1(a)], with a Guidelines range of 12 to 18 months' imprisonment and fine range of $5,500 to $55,000. Notably, the government took no position in either the letter or at the plea hearing regarding the Court's adherence to the strict guidelines determination.

Mr. Tan has no prior contacts with the criminal justice system. He stands before Your Honor as a remorseful and shamed man who fully accepts responsibility for his criminal conduct. He unhesitatingly expressed this at the plea, knowing that he faced the risk of incarceration. In fact, Mr. Tan has insisted upon beginning immediately with the process of restitution by compensating the victim in this case, an insurance company for which Mr. Tan was the intermediate claims agent, for the $140,000 loss it incurred through Mr. Tan's culpable conduct. A check in the amount of $20,000 has been remitted to this attorney and placed in a trust account pending arrangements for the transfer of the funds as the first step toward fully compensating the victim.

Mr. Tan has an impeccable background. He was born on March 11, 1953 in Shanghai, China, and subsequently entered the United States in August of 1989 on a student visa. Mr. Tan naturalized on April 5, 2001 and has two Master's degrees, one in Insurance Management obtained in 1997 from Boston University, and one in English obtained in from the College of Staten Island in 1992. In 1983, Mr. Tan married Shen Qi Xian and had two daughters. The oldest is Lillian, a 32 year old attorney employed by UBS Investment Bank and residing in Manhattan, and Rebecca, a 25 year old marketing executive who resides in Astoria, New York. (please refer to the attached letters from Mr. Tan's daughters). Mr. Tan has resided in Forest Hills, Queens since 2001.

Your Honor has the complete and wide ranging discretion to impose a sentence outside of the strict guidelines determination presented by the government. As noted in the "Pimentel Letter," pages 1 and 2, "[t]his document is not a plea agreement. Rather…this letter sets forth the current position of the United States Attorney's Office for the Southern District of New York … regarding the application of the United States

Sentencing Guidelines … to defendant David Tan in this case" and further: "This letter does not and cannot bind either the Court or the United States Probation Office, either as to questions of fact or as to determinations of the correct application of the Guidelines in this case. Instead, the sentence to be imposed upon the defendant will be determined solely by the Court." This is an unambiguous  statement by the government that it takes no position on the ultimate sentence to be imposed by the Court. Tellingly, there is no suggestion by the government that the rigorous guideline range must be imposed upon Mr. Tan.

Mr. Tan is a polite, self effacing person with strong family ties. The attached character letters from attorneys, a former professor, the Pastor of his church, and his two daughters reflect an incontrovertible theme, that of a selfless and loving man who has made a terrible mistake. Mr. Tan's remorse regarding his commission of the crime and his continual acknowledgement of the gravity of the offense are reflected in number 31 of the Presentence Investigation: "Acceptance of Responsibility; The defendant has clearly demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels". And further, most significantly, in number 76: "The Court may consider a sentence outside of the stipulated Guidelines Range based upon the factors to be considered in imposing a sentence pursuant to 18 U.S.C. § 3553(a)."

It is understood that the sentence to be imposed upon the defendant is determined solely by the Court, and it is further understood that the guidelines are not binding upon the Court. As enumerated in the flurry of decisions addressing the now advisory role of the Guidelines [see: *Ring v. Arizona*, 536 U.S. 584 (2002), *Apprendi v. New Jersey*, 540 U.S. 466 (2000), and the seminal holding in *U.S. v. Booker*, 543 U.S. 220 (2005)], this

Court has the discretion to fashion a sentence that "is sufficient but not greater than necessary" to address the objectives of 18 U.S.C. § 3553(a).

Understanding that the imposition of sentence is in the sound discretion of the Court, and in consideration of 18 U.S.C. § 3553(a) and the advisory guidelines scheme explicated in *Booker*, the defendant submits that it is appropriate for this District Court to impose a sentence of either probation or supervised release. The criminal conviction, coupled with a sentence which would require a period of supervision by the government, would adequately address the seriousness of the offense, the history and characteristics of the defendant, and would afford adequate deterrence. *United States v. Ratoballi,* 452 F.3d 127 (2d Cir. 2006); *Gall v. United .States*, 552 U.S. 38 (2007); *United States v. Cavera,* 550 F.3d 180 (2d Cir. 2008).

Mr. Tan expressed his shame, deep remorse, and his unending concern not for himself, but for the victim in this case and his wife and daughters when he accepted responsibility for his criminal conduct before the Magistrate. He again did this without hesitation when interviewed by United States Probation Officer Bressor, and he continues to express his deep concern for the well-being of his wife and children should he be sentenced to a term of incarceration.

While Mr. Tan fervently acknowledges the seriousness of the offense and that the ultimate victim of the crime was an insured entity entitled to compensation for their pecuniary loss, the Court should note that the funds were misappropriated not from an individual who, heaven forbid, was deprived of their life savings, but rather an intermediary law firm retained by an insurance company. In addition, the facts of the case reflect that the funds were not misappropriated for Mr. Tan's personal gain.   The

defendant is well aware that these circumstances do not in any way mitigate the seriousness of the crime, but for the purpose of sentencing, this Court may make reference to the impact upon the victim and society as a whole when it weighs the parameters of 18 U.S.C.§ 3553 (a).

The defendant stands before this Court as a remorseful and penitent man, and before his family and community as a shamed and humiliated human being. The defendant therefore respectfully requests and implores this Court to impose a non-jail sentence and to impose either probation within the parameters of 18 U.S.C § 3561 (c) (1), or in the alternative, supervised release within the parameters of 18 U.S.C § 3583 (b) (2), together with complete restitution of the $140,000 the defendant illicitly procured. Defendant submits that either of these two alternatives would satisfy the interests of society and  the rule of law, as well as the objectives of U.S.C. § 3553(a), and would further fulfill the "sufficient but not greater than necessary" advisory nature of the Guidelines as described in *U.S. v. Booker*.

Dated: December 20, 2018
      New York, New York

Respectfully Submitted,

_____
Howard D. Simmons, Esq.
Attorney for Defendant Tan

CC: AUSA Nicholas Chiuciolo
      Probation Officer Jonathan Bressor

August 20, 2018

Rebecca Tan
36-12 38th Street Apt. 7
Long Island City, NY 11101

Your Honor:

I am writing this letter to provide a character reference about David Tan, he is my father who has raised me all my life with my mother, Jean Shen. He is one of the most hardworking people I know and has instilled this ethic in both my sister and I. He has worked endlessly to carve a path of success and opportunity for us. Without him, I can honestly say we wouldn't be the people we are today.

My father has always had a strong moral compass and made sure we grew up with the same values. He taught us to be kind, honest and always take responsibility for our actions. As a result, we were raised to be strong and independent. I am now 24 years old and my sister is 32 years old, both with full-time jobs - I work in public relations within the hospitality industry and my sister works in compliance at UBS.

He has sacrificed a lot for us to ensure our lives didn't have the same hardships and obstacles my parents endured when they first moved to New York from Shanghai. Education was always a priority and my father encouraged us, even till this day, to seek knowledge and turn to education above all else. He put both my sister and I through undergrad as well as law school for my sister - paying our full tuition. We were fortunate to graduate without any loans or debt and grateful for it everyday of our lives.

David is not only a good father, but an active and committed member of the community as well. Growing up, I would always accompany him to church on Sundays and participate in local events, charity drives, and see my father perform violin with the choir. He still continues to do this every week, ensuring he is present and available for the members of his community.

My father has never had an issue with the law before and I know he is remorseful of the mistake he made. I can say with total confidence that he will do everything in his power to make the reparations and compensate the party. It's what he taught us to do and I have without a doubt that he will do the same. If you have any questions, please feel free to reach me at rtan93@gmail.com or 917-330-4285.

Best,
Rebecca

August 20, 2018

612 W. 144th Street, #A7

New York, New York 10031

Your Honor:

By way of introduction, my name is Lillian Tan, the defendant David Tan's oldest daughter and I am currently an advisory compliance officer at UBS, an investment bank.  I was born in Shanghai but through his hard work ethic, my father brought me and my mother to New York in the late 80's. Throughout my life, I owe many opportunities to my father. He, along with my mother, instilled in me a hard work ethic. My parents paid my piano lessons from an early age, up to when I was 18; they paid my way through undergraduate and law school.

In fact, it was my father who inspired me to go to law school. He always had a deep respect and appreciation for law and what it symbolizes: fairness, honesty. So, I know he is remorseful to be find himself a defendant in this case and I trust that my father will take the steps necessary to make the situation right.

If you need anything further from me, please do not hesitate to email me at ltan650@gmail.com or call me on my cell at 917 330 2756 or at my office at 212 713 4112.

Best,

Lillian Tan



# FIRST PRESBYTERIAN CHURCH OF NEWTOWN

*A Multicultural and Historical Church*



**Since 1652**

**Rev. Dr. Anette Westermark, Pastor**



August 15, 2018

To whom it may concern;

This is a letter of reference for Mr. David Tan, a faithful and active member in good standing with our church of many years.

I have known Mr. David Tan since November of 2014 when I first was introduced to the members and friends of the First Presbyterian Church of Newtown, in Elmhurst, Queens.

Mr. David Tan has a reputable demeanor, in addition, one who ought to be commended for his time, talent, and efforts. Mr. Tan is a person who leads by example, as well as living his life selflessly, always seeking out windows of opportunity where he can help make a positive difference in someone else's favor.

If I can be of any further assistance, please do not hesitate to contact me.

Sincerely, Yours,

Rev. Dr. Anette Westermark
Pastor

54-05 Seabury Street, Elmhurst, NY 11373  |  (718) 639-3126  |  info@fpcn.org  |  www.fpcn.org



**CAMMARANO**
LAW GROUP

IN NEVADA:
9268  DAMES ROCK PLACE
LAS VEGAS, NEVADA
89148  U.S.A.
voice (702) 315-5300

IN NEW YORK:
133 WEST 72ND STREET
NEW YORK, NEW YORK
10023 U.S.A.
voice (212) 945-9501
fax (212) 945-3677

555 EAST OCEAN BOULEVARD, SUITE 501
LONG BEACH, CALIFORNIA
90802 U.S.A.
voice (562) 495-9501
fax (562) 495-3674

PLEASE RESPOND TO:  LONG BEACH

August 20, 2018

To Whom It May Concern:

    I write this character letter for David Tan who I have known for over 20 years. I met Mr. Tan in a business setting, as my law firm has represented Mr. Tan's principals for many years.  Through the years we have worked together, including a joint business trip to China.

    Based on my various dealings with Mr. Tan, I believe is a person of good moral character and a peaceful person who seeks peace and harmony. He is a bright and hard working man.

    Please promptly write or call me with any concerns.

Very truly yours,

Dennis A. Cammarano

hs/DAC
david tan 082018.wpd

ALAN J. STOPEK
ATTORNEY AT LAW

217 BROADWAY, SUITE 612, NEW YORK, N.Y. 10007
(212) 349-0522

August 14, 2018

To whom it may concern:

I have known David Tan for more than ten years. We are both commercial sixth floor tenants 217 Broadway, New York, NY 10007 and more, recently have been sharing office space.

Seeing David on a daily basis and interact with him I know him to be a person of excellent character, peaceful and helpful, sharing his resources when problems arise.

He is bright, intuitive, intelligent and hard working.

I have no hesitation in recommending him for his character.

If you wish further information you may contact me at the above number.

Very truly yours,

Alan J. Stopek

**KENNETH A. ELAN**
ATTORNEY AT LAW
217 Broadway, Suite 603
New York, NY 10007
(212) 619-0261
Fax (212) 271-4230
Elanfirm@Yahoo.com

August 15, 2018

TO WHOM IT MAY CONCERN:

I have had the pleasure of knowing David Tan for more than five (5) years. Mr. Tan is my "neighbor" in our office building in downtown Manhattan. Moreover, I recently worked closely with him in connection with the administration of an Estate where he was the court-appointed Administrator.

Accordingly, I can opine with a reasonable degree of certainty that Mr. Tan is extremely capable, intelligent and competent. On a personal note, I have always found him to be generous, thoughtful and easy-going.

Very truly yours,

KENNETH A. ELAN

KAE:mco

54 East 8th Street
New York, NY 10003
August 19, 2018

To Whom It May Concern:

David Tan was my student at the College of Staten Island in 1989. He took a graduate course in linguistics with me and impressed me with his intelligence and diligence.

Since I had recently taught in China, and since David and I shared a strong interest in music, we became friends. We have continued to see each other over the last 29 years. As time went by, I became increasingly impressed with his good nature, brightness, sensitivity and helpfulness.  He gives free violin lessons at the Bayside Community every Saturday. He is devoted to his family and his friends. He always tells the truth. I have never detected any flaws in his character.

Sincerely yours,

George Jochnowitz
Professor emeritus of linguistics
College of Staten Island, CUNY